UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Demetrius Davis,
29 Bryant
Buffalo, NY 14209

                                       Plaintiff,

-against-                                                      SUMMONS

Lisa Vidal
One Niagara Plaza
Buffalo, NY 14203

                                       Defendant.

---

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with a Summons, to serve a Notice of Appearance on the plaintiff's attorney within (10) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

BUFFALO, NEW YORK
January 12, 2023

                                                            Yours, etc.,

                                                            Marc Shatkin, Esq.
                                                            Muscato & Shatkin, LLP
                                                            *Attorney for Plaintiff(s)*
                                                           Office & Post Office Address
                                                           415 Franklin Street
                                                           Buffalo, New York 14202
                                                           (716) 842-0550

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Demetrius Davis,

                              Plaintiff,

-against-                                      COMPLAINT

Lisa Vidal,

                              Defendant.
_____

The plaintiff(s) herein, through his attorneys, MUSCATO & SHATKIN as and for his complaint against the defendant(s) alleges:

### JURISDICTION/VENUE

1. This is a civil action seeking damages to defend and protect the rights granted to plaintiff under the Constitution of the United States, as well as their protections under New York State Law. The action is brought, *inter alia,* 42 U.S.C. Sec. 1983 and the court has jurisdiction under 28 U.S.C. Sec. 1331

2. Venue is proper in the Western District of New York under 28 U.S.C. Sec. 1391, as defendant resides in the district and the facts giving rise to the claim occurred in the District.

### PARTIES

3. Plaintiff Demetrius Davis at all times hereinafter mentioned, was and remains a resident of the City of Buffalo, the County of Erie, State of New York.

4. Upon information and belief, defendant Lisa Vidal was and is employed by the Erie County Probation Department in New York, which is an agency mandated to be provided by county governments pursuant to N.Y. Exec. L. § 256. Acting under color of state law,

at all times relevant hereto, Vidal acted within her capacity as a Probation Officer employed by the County of Erie Probation Department.

## FACTS

5. On or about January 28, 2019, in Erie County, NY, Plaintiff pled guilty to Assault, PL 120.00, a Class "A" misdemeanor, and was sentenced to three years' probation; Erie County Probation, and more specifically Defendant Vidal, began supervision over Plaintiff under said sentence.

6. Prior to sentencing, Plaintiff had served approximately three months in jail on the underlying charge.

7. Upon information and belief, on or about January 15, 2020, Defendant Lisa Vidal, Plaintiff's probation officer filed a Declaration of Delinquency. Plaintiff was taken into custody on such date upon defendant's request. Plaintiff was not arraigned on said violation until January 22, 2020, at which point he entered a denial, but was remanded to County jail.

8. Since plaintiff appeared before the Court on January 22, 2020 and entered a denial to the Declaration of Delinquency, probation supervision continued. Plaintiff had not been resentenced and remained under the supervision of Officer Vidal of the Erie County Probation Department, and thereafter continuously until May 24, 2021 at which point the court, not in plaintiff's presence and *sua sponte*, terminated probation and re-sentenced plaintiff to time served with no admission of any violation.

9. Upon information and belief, **no court date** was ever held on the underlying probation violation until **February 2021** while plaintiff remained under the supervision and custody of defendant.

10. While under Vidal's supervision and through her capacity while acting as a Probation Officer under color of law, Plaintiff remained incarcerated continuously and uninterrupted until February 4, 2021 with no process afforded from January 2020 continuously through his release, solely through the actions and/or omissions of defendant. Only on May 24, 2021 was Probation revoked.

11. Plaintiff was only released on February 4, 2021 because of his own application/complaint.

12. Plaintiff served supra **16 months** including the initial three months served pre plea on a "A" Misdemeanor conviction which holds a maximum one year sentence under Article 70 of the New York Penal Law.

13. During the time Plaintiff was incarcerated, he was in the custody, control and supervision of defendant acting in her capacity as a probation officer at all applicable times.

14. The maximum time for a misdemeanor conviction is one year, for which 8 months would be served under the pertinent time calculations.

15. Had plaintiff been sentenced to the maximum time under his underlying conviction, the latest out date would have been on or about June 2020 under Penal Law Sec. 70.30 (4).

16. Plaintiff remained incarcerated from June 2020 (maximum possible time) until February 4, 2021 unlawfully.

17. Plaintiff was incarcerated unlawfully, without cause or justification, for approximately 8 months beyond a lawful maximum sentence, a violation of his State and Federal rights due solely to the acts or omissions of defendant Vidal acting in her capacity.

18. Defendant Vidal at all times relevant to this action was acting under color of state law through her supervision of Plaintiff by revoking probation, and ultimately failing to

schedule an ultimate probation revocation hearing until long after the maximum statutory sentence was served.

19. Defendant owed Plaintiff a duty under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. This duty guarantees due process of law to all United States citizens.

20. Plaintiff, further incident to unlawful imprisonment, loss of privacy and dignity, deprivation of rights, and access to and other freedoms, was deprived of his civil and other rights under the New York State and Federal Constitution and under 42 U.S.C. § 1983, causing significant injury, mental, emotional and physical pain and suffering, injury and other consequential damages.

21. Defendant had actual knowledge of the risk of civil rights violations by failing to schedule a revocation hearing after filing a notice of delinquency, had actual knowledge of the status of plaintiff's incarceration, and failed to take reasonable or necessary measures to avoid such an extreme, excessive sentence.

22. Such an extreme, excessive punishment amounts to a deprivation of Constitutional rights.

23. Defendant within her position as Plaintiff's probation officer, was charged with direct and personal supervision of Plaintiff, was personally responsible for the ultimate and continuous incarceration, and did so with actual knowledge of Plaintiff's incarceration beyond the maximum statutory limits, doing so with deliberate indifference to such constitutional deprivations aforementioned.

24. Defendant deprived Plaintiff of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

25. Due to the foregoing conduct of defendant, the plaintiff has sustained severe and serious injuries, damages, deprivation of rights and other consequential damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

A. A judgment for compensatory and punitive damages in the amount to be determined by trial;

B. An award of costs and expenses against Defendant;

C. Any and all other relief this Court may deem appropriate;

DATED:   BUFFALO, NEW YORK
         January 12, 2023

Yours, etc.,

MUSCATO & SHATKIN
Attorneys for Plaintiff
Office & Post Office Address
415 Franklin Street
Buffalo, NY 14202
(716) 842-0550